IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| GRANT JACKSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No._____ |
| | § | |
| HOME DEPOT U.S.A., INC., | § | |
| | § | |
| Defendant. | § | **JURY DEMANDED** |

## **DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Home Depot U.S.A., Inc. ("Home Depot"), and files this its Notice of Removal on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 *et. seq.*, 28 U.S.C. § 1441 *et. seq.*, and 28 U.S.C. § 1446 *et. seq.*, and would respectfully show the Court as follows:

1. Home Depot is the Defendant in a civil action pending in the 99th Judicial District Court of Lubbock County, Texas entitled *Grant Jackson v. Home Depot U.S.A., Inc. and Michael Hernandez*; Cause No. DC-2021-CV-0190 (hereinafter referred to as the "State Court Action"). An Index of State Documents Filed with the Notice of Removal is attached hereto as **Exhibit A,** and true and correct copies of all process, pleadings, and orders served upon Home Depot in the State Court Action are attached hereto as **Exhibit B,** as required by 28 U.S.C. § 1446(a).

2. The State Court Action was filed on September 7, 2021. Home Depot was served with Plaintiff's Original Petition on September 14, 2021. In his Original Petition, Plaintiff asserted negligence claims against Home Depot and Michael Hernandez, who was the general manager of the local Home Depot store at the time of the incident. Plaintiff alleges that, on May 25, 2020, his wife rented an electric concrete saw from the Home Depot store located at 5801 W. Loop 289 in Lubbock,

Texas, that she was not provided hearing protection with the rental. Plaintiff then used the saw without using hearing protection. Plaintiff alleges that Home Depot and Mr. Hernandez are liable to Plaintiff for hearing loss that he sustained as a result of using the saw without hearing protection.  Plaintiff's Original Petition stated that he is seeking monetary relief over $250,000 but not more than $1,000,000.00.  *See* **Exhibit B-2**, section III, ¶ 3.  Thus, it is facially apparent from Plaintiff's Original Petition that Plaintiff is seeking damages in excess of $75,000, such that the amount in controversy requirement for diversity jurisdiction is satisfied.

3. This Notice of Removal is timely filed within thirty (30) days of service of the first pleading or other paper from which it could be determined that the amount in controversy is in excess of $75,000, exclusive of costs.  *See* 28 U.S.C. § 1446(b).

## DIVERSITY OF CITIZENSHIP

4. Plaintiff Grant Jackson is a citizen of the State of Texas.

5. Home Depot is and was at the time of the alleged incident and the filing of this lawsuit, a corporation incorporated under the laws of the State of Delaware with its principal place of business in Atlanta, Georgia.  Home Depot is thus a citizen of the States of Delaware and Georgia.

6. Consequently, Plaintiff and Home Depot are now, and were at the time this action commenced, diverse in citizenship from each other.

## IMPROPER JOINDER

7. Defendant Hernandez is a citizen of Texas.  However, Plaintiff improperly joined Hernandez as a defendant solely to defeat diversity jurisdiction, as there is absolutely no possibility that Plaintiff will be able to establish a cause of action against Hernandez in state court.  *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995).

8. To establish improper joinder, the removing party must prove: "(1) actual fraud in the

pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds,* 181 F.3d 694, 698 (5th Cir. 1999). Home Depot alleges that Hernandez was improperly joined under the second method. Under that method, the test for improper joinder "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). In resolving this issue, the court may pierce the pleadings and consider summary judgment-type evidence in those cases in which the "plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder[.]" *Id*.

9. Hernandez was not a premises owner or occupier of the Home Depot store at the time the cause of action accrued or at the time of removal, and Plaintiff does not claim that Hernandez was a premises owner or occupier at any time. Moreover, Plaintiff does not allege that Hernandez had any interaction of any kind with Plaintiff's wife at the time of her rental of the concrete saw, nor that Hernandez made any decisions for Home Depot as to whether concrete saws should or should not be rented with or without hearing protection. Instead, Plaintiff only makes the conclusory allegation that Hernandez was one of the "managers of Home Depot's Store 505 and was responsible for training and enforcing policies related to rental of equipment, including the concrete saw at issue in this case," that Hernandez failed to train and supervise those responsible for the rental, and himself failed to provide hearing protection and/or warnings about the need for hearing protection to Plaintiff's wife.

10. But these allegations, even if true, provide no basis for the assertion of any cognizable claims against Hernandez. Plaintiff has not even alleged how Hernandez would owe him an

independent duty—separate and apart from any duty imposed upon Home Depot—in connection with a product rental. Moreover, while Hernandez was an assistant manager of the Home Depot store 505 as of May 5, 2020, he had no knowledge or participation in the rental of the concrete saw to Plaintiff's wife. **Exhibit "C"** at ¶ 2. Moreover, he did not direct or supervise the activities of any of the Home Depot employees, if any, who had any involvement in that rental. **Exhibit "C"** at ¶ 2. Additionally, as it was not within the scope of his job duties, he did not at any time establish the policies or procedures related to rental of concrete saws, and/or determine whether hearing protection should be offered to or recommended for use to customers renting concrete saws. **Exhibit "C"** at ¶ 2. Finally, Hernandez has never owned or leased the Home Depot store where Plaintiff claims his wife rented the saw; and has never been the employer of any individuals who have performed work at the Home Depot store where Plaintiff claims that his wife rented the concrete saw. **Exhibit "C"** at ¶ 3.

11. The Texas Supreme Court has held that individual liability on the part of an employee "only arises when the officer or agent owes an *independent duty* of reasonable care to the injured party apart from the employer's duty." *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996) (emphasis added). Additionally, the Texas Supreme Court has held that, in a premises liability case, individual employees are not liable for negligence when they do not breach any separate duty to the plaintiff. *Tri. v. J.T.T.*, 162 S.W.3d 552 (Tex. 2005). These holdings have also been applied to the removal of premises liability cases to federal district court. *Gonzalez v. Wal-Mart Stores*, 2010 WL 1417748 (W.D. Tex. March 31, 2010). In *Gonzalez*, the plaintiff sued a retailer and its manager in state court, alleging a premises liability claim. The retailer removed, arguing that the manager was improperly joined, and the plaintiff filed a motion to remand. The Court held that the manager, as a Wal-Mart employee, did not owe a customer, such as the plaintiff, a duty of reasonable care independent from the duty Wal-Mart owed, and denied the motion to remand. *Id.* at *2; *see also McKinney v. Home*

___

*Depot U.S.A., Inc.*, 2006 WL 2947324 (N.D. Tex. Oct. 13, 2006).

12. Plaintiff has explicitly alleged that Hernandez was working in the course and scope of his employment as a manager in committing the acts/omissions upon which the negligence claims against him are based, and Home Depot does not dispute that Hernandez was working in the course and scope of his employment at any relevant time. Consequently, Home Depot would be liable for Hernandez's alleged conduct.

13. Plaintiff's factual allegations against Hernandez are conclusory and fail to suggest any basis as to how Hernandez would have owed an independent duty of any kind to Plaintiff. In fact, all of the allegations concern duties that, if they exist, would be those of Home Depot, and not its individual employees. Therefore, Hernandez cannot be individually liable to Plaintiff based upon a negligence theory, and there is no reasonable basis for this Court to predict that Plaintiff might be able to recover against Hernandez. In sum, Hernandez is an improperly joined party to this case.

14. Because removal is premised on improper joinder, the individual defendant need not consent to removal, and his citizenship is disregarded when determining diversity jurisdiction.

15. Under 28 U.S.C. § 1446(a), venue of the removed action is proper in this Court as it is the district and division embracing the place where the State Court Action is pending.

16. Pursuant to 28 U.S.C. § 1446(d), Home Depot will promptly give written notice of the filing of this notice of removal to Plaintiff and will further file a copy of this Notice of Removal with the District Clerk of Lubbock County, Texas, where the action was previously pending.

17. **<u>Jury Demand</u>** – Home Depot hereby requests trial by jury on all issues and claims in this action.

WHEREFORE, Home Depot U.S.A., Inc. hereby removes the case pending in the 99th Judicial District Court of Lubbock County, Texas entitled *Grant Jackson v. Home Depot U.S.A., Inc.*

*and Michael Hernandez*; Cause No. DC-2021-CV-0190, and respectfully requests that this Court assume full jurisdiction of this proceeding for all purposes as if originally filed in this Court including, but not limited to, issuing any orders necessary to stay proceedings in the State Court Action.

                                        Respectfully submitted,

By: */s/ Arthur K. Smith*
     Arthur K. Smith
     Attorney-in-Charge
     State Bar No. 18534100

     LAW OFFICES OF ARTHUR K. SMITH,
     a Professional Corporation
     507 Prestige Circle
     Allen, Texas  75002
     Telephone:  (469) 519-2500
     Facsimile:   (469) 519-2555
     asmith@aksmithlaw.com

ATTORNEY FOR DEFENDANT
HOME DEPOT U.S.A., INC.

## CERTIFICATE OF SERVICE

On this the 8th day of October, 2021 I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).

                                        */s/  Arthur K. Smith*
                                        Arthur K. Smith