Case 5:21-cv-00223-C   Document 1-3   Filed 10/08/21   Page 1 of 10   PageID 10

Filed 9/7/2021 5:10 ...
Barbara Su...
Lubbock County - 99th District C...
Lubbock County, Te...

CAUSE NO. DC-2021-CV-0190

CG

| | |
|---|---|
| **GRANT JACKSON,**<br>*Plaintiff,*<br><br>v.<br><br>**HOME DEPOT, U.S.A, INC. and MICHAEL HERNANDEZ,**<br>*Defendants.* | § IN THE DISTRICT COURT OF<br>§<br>§<br>§<br>§<br>§ LUBBOCK COUNTY, TEXAS<br>§<br>§<br>§ __99th__ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Grant Jackson, Plaintiff in the above entitled and numbered cause, complaining of Defendants Home Depot, U.S.A., Inc. (hereinafter "Home Depot") and Michael Hernandez (hereinafter "Hernandez") and for such cause of action would respectfully show the Court as follows:

### I. DISCOVERY

1. Pursuant to Rule 190.1 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery in this case under level 3 (Rule 190.4 Texas Rules of Civil Procedure).

### II. PARTIES

1. Plaintiff Grant Jackson is an individual who resides in Lubbock, Lubbock County, Texas.

2. Defendant Home Depot is a Delaware for-profit corporation that has many stores and does business throughout the State of Texas. Defendant Home Depot may be served by serving its registered agent, Corporation Service Company 211 E. 7th Street, Suite 620, Austin, Texas 78701.

3. Defendant Hernandez is an individual who resided in Lubbock, Lubbock County, Texas at the time this cause of action accrued. Upon information and belief Defendant Hernandez is


Exhibit B-2

currently residing in Bexar County, Texas. Defendant Hernandez may be served by serving him at his place of business, 203 SW. Loop 410, San Antonio, Texas 78245 or wherever he may be found.

### III. VENUE AND JURISDICTION

1. Venue is proper in Lubbock County, Texas pursuant to Sections 15.002(a)(1) and 15.002(a)(2) of the Texas Civil Practice and Remedies Code because it is the county where all or a substantial part of the events or omissions giving rise to the claim occurred, and it was the county of Defendant Hernandez residence at the time the cause of action accrued and Defendant Hernandez is a natural person. Furthermore, venue is proper as to all Defendants pursuant to Section 15.005 of the Texas Civil Practice and Remedies Code.

2. This Court has jurisdiction over the Parties because Plaintiff has suffered damages in excess of the jurisdictional minimum of this court.

3. Plaintiff believes that the determination of damages in this case should rest squarely within the providence of the jury; however, changes in the law now require Plaintiff to enumerate a range of damages within his initial pleading. Such a range is provided without the benefit of any discovery in this case and without a full understanding of all the facts a jury will likely review when considering the ultimate resolution of this case. As required by the law, Plaintiffs would state that pursuant to TEX. R. CIV. P. 47(c), Plaintiff seeks monetary relief over $250,000 but not more than 1,000,000.00.

### IV. FACTUAL BACKGROUND

1. On May 25, 2020, Plaintiff's wife, Sarah Jackson went to the Home Depot located at 5801 W. Loop 289 in Lubbock, Texas (Store 505) and rented an electric concrete saw. No hearing protection was provided with the rental of the concrete saw. Defendant Hernandez was one of the

managers of Home Depot's Store 505 and was responsible for training and enforcing policies related to rental of equipment, including the concrete saw at issue in this case. Hearing protection should have been provided with the rental along with appropriate instructions and/or warnings regarding the use of the saw and a description of the dangers/risks/consequences of operating the saw without hearing protection. Defendant Hernandez participated in the rental of the saw without providing hearing protection, without providing appropriate instructions and/or warnings regarding the use of the saw, and/or without providing a description of the dangers/risks/consequences of operating the saw without hearing protection. Defendant Hernandez failed to provide appropriate training, instruction, rules and/or procedures to Home Depot employees involved in rental of concrete saw at issue and/or failed to supervise and enforce appropriate rules and/or procedures regarding rental equipment including the concrete saw at issue in this case.

2.   In the absence of appropriate instructions and/or the provision of necessary hearing protection, Grant Jackson used the concrete saw during the rental period without any hearing protection and suffered injuries and damages as a result including the development of tinnitus.

## V. CAUSES OF ACTION AGAINST DEFENDANT HOME DEPOT

*Respondeat Superior*

1.   Defendant Home Depot is vicariously liable for the damages proximately caused to Plaintiff by virtue of the negligent conduct of its agents/employees. At all times material to the allegations contained in this petition, Defendant Home Depot employed employees, officers, and/or agents in its business and in the operation of store 505, including but not limited to Defendant Hernandez, and such individuals were acting within the course and scope of their employment and/or agency and were negligent.

2. The negligence of Defendant Home Depot's employee(s), officers, and/or agents, including but not limited to Defendant Hernandez, was a proximate cause of Plaintiff's injuries and damages. Therefore, Defendant Home Depot is vicariously liable to the Plaintiff for the negligent acts and/or omissions of its employees, officers, and/or agents under a theory of *respondeat superior*.

**Negligence**

3. At all relevant times to this cause of action, Defendant Home Depot had a duty to act as a reasonable and prudent company and home improvement store and renter of equipment. Defendant Home Depot breached this duty and was negligent. Defendant Home Depot's negligence includes but is not limited to the following acts and/or omissions:

    a. In failing to properly train its employees;

    b. In failing to supervise/discipline its employees;

    c. In failing to hire qualified employees;

    d. In retaining incompetent and/or unfit employees;

    e. In failing to have and enforce appropriate and/or safe policies and procedures regarding the rental of equipment, including the concrete saw at issue in this case;

    f. In failing to follow or provide adequate means of ensuring compliance with appropriate and/or safe policies and procedures regarding the rental of equipment, including the concrete saw at issue in this case;

    g. In failing to provide hearing protection with the rental of its equipment including the concrete saw at issue in this case;

    h.    In failing to provide adequate warnings and/or instructions regarding the need for hearing protection with rental of its equipment including the concrete saw at issue in this case; and

    i.    In ways yet to be discovered.

4.    Each of the above acts and/or omissions were singularly and/or cumulatively a proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

**Gross Negligence**

5.    When viewed objectively from the standpoint of Defendant Home Depot, at the time of the occurrence, the Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. In addition, Defendant Home Depot was actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, which constitutes gross negligence as that term is defined pursuant to §41.001(11), Texas Civil Practice and Remedies Code. Therefore, Plaintiff seeks exemplary damages in an amount to be determined by the trier of fact.

6.    Furthermore, Defendant Home Depot is liable for punitive damages because:

    a.    Defendant authorized the doing and manner of a grossly negligent act,

    b.    The Defendant was grossly negligent in its agent/employee relationship with its employees and/or agents,

    c.    An agent/employee of Defendant was grossly negligent and was employed in a managerial capacity and was acting in the scope of his employment, or

    d.    Defendant or a manager of Defendant ratified or approved a grossly negligent act.

7.    Whenever it is alleged that the Defendant Home Depot acted or failed to act, it is alleged it did so by and through its officers, agents, employees, members, principals, and vice-principals acting within the course and scope of their employment, agency, or other relationship.

## VI. CAUSES OF ACTION AGAINST DEFENDANT HERNANDEZ

**Negligence**

1. Defendant Hernandez, at the time of the events giving rise to this cause of action owed the public, including Plaintiff, a duty to exercise ordinary care and to act in a reasonable and prudent manner under the same or similar circumstances. Defendant Hernandez breached this duty and was negligent. Defendant's negligence was the sole proximate cause and/or a proximate cause of Plaintiff's injuries and resulting damages. Defendant Hernandez's negligence includes but is not limited to the following:

   a. In failing to properly train Home Depot employees, including employees at Store 505 and/or including employees responsible for renting equipment;

   b. In failing to properly supervise/discipline Home Depot employees, including employees at Store 505 and/or including employees responsible for renting equipment;

   c. In failing to hire qualified employees;

   d. In retaining incompetent and/or unfit employees;

   e. In failing to have and enforce appropriate and/or safe policies and procedures regarding the rental of equipment, including the concrete saw at issue in this case;

   f. In failing to follow or provide adequate means of ensuring compliance with appropriate and/or safe policies and procedures regarding the rental of equipment, including the concrete saw at issue in this case;

   g. In failing to provide hearing protection with the rental of equipment including the concrete saw at issue in this case;

   h. In failing to provide adequate warnings and/or instructions regarding the need for hearing protection with rental of equipment including the concrete saw at issue in this case; and

   i. In ways yet to be discovered.

3. Each of the above acts and/or omissions were singularly and/or cumulatively a proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

**Gross Negligence**

4.  When viewed objectively from the standpoint of Defendant Hernandez at the time of the occurrence, the Defendant's conduct involved an extreme degree of risk considering the probability and magnitude of the potential harm to others. In addition, Defendant was actually, subjectively aware of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, which constitutes gross negligence as that term is defined pursuant to §41.001(11), Texas Civil Practice and Remedies Code. Therefore, Plaintiff seeks exemplary damages in an amount to be determined by the trier of fact.

5.  The grossly negligent acts and/or omissions of Defendant Hernandez were a proximate and/or producing cause of the incident forming the basis of this suit, which ultimately inflicted Plaintiff's injuries.

## VII. DAMAGES

**Personal Injury Damages of Grant Jackson**

1.  As a direct and proximate result of the negligence of the above Defendants, Grant Jackson has sustained injuries and is entitled by law to be compensated for such damages. These damages include, but are not limited to, the following:

a.  Physical pain, suffering and mental anguish sustained in the past;

b.  Physical pain, suffering and mental anguish that, in reasonable probability, Grant Jackson will sustain in the future;

c.  Physical impairment sustained in the past;

d.  Physical impairment that, in reasonable probability, Grant Jackson will sustain in the future;

e.  Medical care in the past;

f.  Medical care that, in reasonable probability, Grant Jackson will sustain in the future;

g.  Lost wages/loss of earning capacity sustained in the past and that will, in reasonable probability be sustained in the future.

## VIII. JURY DEMAND

1. Plaintiff hereby respectfully demands a trial by jury in this cause and tenders the required fee.

## IX. RULE 193.7 NOTICE

1. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendants that any and all documents and materials produced in response to written discovery may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

## X. PRAYER

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully requests that the Defendants be cited to appear and answer and that upon final trial by jury the Plaintiff recovers against the Defendants:

1. Compensatory and exemplary damages as set forth above;
2. Pre-judgment and post-judgment interest;
3. Costs of court; and
4. Such other, further, and different relief to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

FADDUOL, CLUFF, HARDY & CONAWAY, P.C.
1115 Broadway
Lubbock, Texas 79401

Telephone: (806) 763-9377
Telecopier: (806) 763-9378

*/s/ Jeffrey H. Cluff*
Jeffrey H. Cluff
jcluff@fchclaw.com
State Bar No. 24012437

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 57102401
Status as of 9/9/2021 3:16 PM CST

Associated Case Party: Grant Jackson

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jeff Cluff | | jcluff@fchclaw.com | 9/9/2021 3:15:15 PM | SENT |
| Makayla Simonton | | msimonton@fchclaw.com | 9/9/2021 3:15:15 PM | SENT |
| Gabriela Reveles | | greveles@fchclaw.com | 9/9/2021 3:15:15 PM | SENT |